[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12874
Non-Argument Calendar

_____

BIA Nos. A95-537-445 & A95-537-474

FRANCISCO J. QUEVEDO,
AURA M. GUEVARA,
MARIA A. QUEVEDO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(November 16, 2005)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Francisco J. Quevedo is a native and citizen of Colombia, S. A. An Immigration Judge ("IJ) denied his applications for asylum under the Immigration and Nationality Act ("INA"), withholding of removal under the INA, and relief under the United Nations Convention Against Torture ("CAT"), INA § 208, 241, 8 U.S.C. § 1158, 1231, 8 C.F.R. § 208.16(c).[1] The IJ did so on the grounds that (1) Petitioner's application for asylum was untimely, and (2) alternatively, Petitioner's testimony was not credible and failed to establish eligibility for asylum and therefore withholding of removal and CAT protection. The Board of Immigration Appeals ("BIA") affirmed the IJ's order, concurring in full with the IJ's decision.

Petitioner now seeks our review of the BIA's decision,[2] contending that substantial evidence does not support the IJ's adverse credibility finding or that Petitioner failed to demonstrate eligibility for asylum or withholding of removal through past persecution or a well-founded fear of future persecution on account of a protected ground. In response, the Attorney General submits that we should not review Petitioner's asylum application because it is time-barred, and that

---

[1] Petitioner's wife, Aura Marcella Guevara, and their minor daughter, Maria Alejandra Quevedo, are derivative applicants, relying on Petitioner's applications. For convenience, we refer to all three applicants as Petitioner.

[2] Petitioner abandoned his claim for CAT relief by failing to raise any argument on this issue in his petition for review. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

substantial evidence supports the decisions denying Petitioner withholding of removal.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA specifically concurred and agreed with the IJ's decision with very few comments; hence, we review both the BIA's and the IJ's decisions.

## I.

An alien may not apply for asylum unless he "demonstrates by clear and convincing evidence the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, a late "application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158 (a)(2)(D). Notwithstanding the BIA's authority to consider an untimely asylum application in circumstances in which the applicant meets one of the exceptions to the one-year deadline, "[n]o court shall have jurisdiction to review any determination of the Attorney General under [section

3

1158(a)(2)]." INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Section 1158(a)(3) divests us of jurisdiction to review a determination that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse an untimely filing. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir.2003).

In two recent decisions, we addressed the application of provisions in the REAL ID Act of 2005 ("REAL ID Act") , Pub.L. No. 109-13, 119 Stat. 231, to judicial review. We determined that the REAL ID Act permitted judicial review of all constitutional questions and issues of law and concluded that the jurisdiction restructuring provisions of the Act are retroactively applicable to all pending proceedings. Balogun v. U.S. Att'y Gen., Nos. 04-12507, 04-14496, man. op. at 7-9 (11th Cir. Sept. 26, 2005). Also, we determined that, as the timeliness of an application for asylum is not a constitutional claim or a question of law, the REAL ID Act does not affect our jurisdiction over such issues. Botero v. U.S. Att'y Gen. No. 04-16422, man. op. at 6-8 (11th Cir. Oct. 6, 2005).

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the denial of Petitioner's asylum application as time-barred. Accordingly, we dismiss this part of the petition for review. We turn then to Petitioner's case for withholding of removal.

II.

4

Petitioner's application for withholding of removal was denied for essentially the same reason that the IJ, in an alternative holding, denied Petitioner's application for asylum. The IJ stated clearly that she had concerns about Petitioner's credibility. She provided specific, cogent reasons for rejecting Petitioner's testimony as not credible, pointing out the inconsistencies between the testimony, Petitioner's I-589 application and submitted documents. We conclude that substantial evidence supports the IJ's credibility determination.

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The burden of proof is on the alien to show eligibility for withholding of removal, through specific and credible evidence of (1) a past threat to life or freedom through proof of past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion (the five "covered grounds" for asylum) or (2) a future threat to life or freedom if it is more likely than not that one of the covered grounds will cause future persecution. 8 C.F.R. § 208.16(a), (b)(1), (2). A showing of past persecution creates a presumption of a future threat, which the Attorney General may rebut by showing a change in country conditions or by showing that the applicant can reasonably relocate within the country. 8 C.F.R. § 208.16(b)(1)(i).

5

Because the "more-likely-than-not" standard for mandatory withholding of removal is more stringent that the "well-founded fear" standard for the discretionary grant of asylum, "if an applicant is unable to meet the well-founded fear standard, he is generally precluded from qualifying for either asylum or withholding of [removal]." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232-33 (11th Cir. 2005) (quotation omitted).

As noted above, substantial evidence supports the IJ's conclusion, which the BIA affirmed, that Petitioner failed to make out a credible case for asylum, i.e., he failed to demonstrate either past persecution or a well-founded fear of future persecution on account of any of the covered grounds. For this reason, he was not eligible under the more stringent standard for withholding of removal. The evidence shows the following alleged acts of persecution: (1) Petitioner, his father, and his family received threatening phone calls for a failure to pay money to the FARC, and (2) a vehicle and a boat owned by the ECO Foundation were destroyed by guerilla organizations. However, Petitioner never filed a police report, and his father only did so four years after the first threats occurred. Petitioner conceded that he was never physically harmed by anyone in Colombia and that he never had any direct contact with a member of the FARC or the National Liberation Army ("ELN"). Persecution is an extreme concept, and the evidence in this case does not compel the conclusion that these isolated, distant acts of harassment constituted

past persecution.  See Sepulveda, 401 F.3d at 1231.  The IJ noted that Petitioner's subjective fear was undermined by his delay in filing for asylum.  Furthermore, the evidence shows that members of Petitioner's family continue to reside in Colombia, and that the ECO Foundation continues to operate in Colombia. Accordingly, Petitioner did not satisfy his burden of proof to establish eligibility.

**DISMISSED in part, DENIED in part.**