[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-12873
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 23, 2005
THOMAS K. KAHN
CLERK

BIA Nos. A96-277-552 & A76-002-467

JORGE J. SINISTERRA,
JULIA R. SINISTERRA,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(December 23, 2005)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Jorge J. Sinisterra and Julia R. Sinisterra, both natives and citizens of Colombia petition for review of the Board of Immigration Appeals' (BIA's) decision adopting in part and affirming the Immigration Judge's (IJ's) removal order and denial of asylum and withholding of removal under the Immigration and Nationality Act (INA) and protection under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). In their petition for review, the petitioners argue the BIA erred in finding their asylum application was time-barred, specifically asserting changed circumstances in Colombia and the extraordinary circumstance of both petitioners being deaf and mute constitute conditions under which their asylum application should have been considered. The remainder of the petition for review challenges the BIA's order denying relief to Daniel Sinisterra, Jorge Sinisterra's brother, whose case was consolidated with the petitioners' case before the IJ, but who was not named in the petition for review.

## I. DISCUSSION

A. *Jurisdiction to review the BIA's denial of relief to Daniel Sinisterra*

We "'are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). A petition for review of an agency order is regulated by Rule 15 of the Federal Rules of Appellate Procedure, which provides, in relevant

2

part, that the petition for review must "name each party seeking review either in the caption or the body of the petition–using such terms as 'et al.,' 'petitioners,' or 'respondents' does not effectively name the parties . . . ." Fed. R. App. P. 15(a)(2)(A). The advisory committee notes for this rule explain that "Rule 15(a) does not allow . . . flexibility; each petitioner must be named. A petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named." Fed. R. App. P. 15, advisory committee note, 1993 amendments.

Most of the petitioners' argument in this case is a challenge to the BIA's order denying relief to Daniel Sinisterra. However, Daniel Sinisterra is not named in the petition for review. First, the body of the petition for review states "Jorge J. Sinisterra and his wife" are submitting this petition for review. Second, the caption names "Jorge J. Sinisterra, et al.," but this designation does not effectively name Daniel Sinisterra. Fed. R. App. P 15(a)(2)(A). Moreover, the caption only lists the alien registration numbers for Jorge and Julia Sinisterra. Accordingly, we conclude we lack jurisdiction to review Daniel Sinisterra's claims for relief and dismiss the petition for review to the extent it seeks review of the BIA's order denying relief to Daniel Sinisterra.

B. *Jurisdiction to review the BIA's denial of the petitioners' asylum claim*

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General as "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. § 1158(a)(3); *see also Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (noting 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing"). We recently held this jurisdictional bar still applies after the enactment of the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. *See Chacon-Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 957 (11th Cir. 2005). Thus, we lack jurisdiction to review the BIA's denial of the petitioners' asylum application as time-barred, and dismiss the petition for review to the extent it seeks such review.

4

C. *Withholding of removal and protection under the CAT*

"When an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). We have jurisdiction to review the denial of the Petitioners' applications for withholding of removal under the INA and for protection under the CAT, but we conclude the Petitioners have abandoned these claims by failing to present any argument on these issues in their petition for review. *See id.* As noted above, most of the petition for review is a challenge to the BIA's denial of relief to Daniel Sinisterra. The Petitioners failed to present any argument concerning whether they met their burden of proving it was more likely than not they would be persecuted if they returned to Colombia, or whether they would be tortured upon their return. Accordingly, we hold the Petitioners abandoned their claims for withholding of removal under the INA and for protection under the CAT and deny the petition for review as to these issues.

## II.  CONCLUSION

We conclude we lack jurisdiction to review the Petitioners' claim for asylum, and the Petitioners have abandoned their claims for withholding of removal under the INA and protection under the CAT. Accordingly, the petition for review is dismissed in part, and denied in part.

PETITION DISMISSED IN PART, AND DENIED IN PART.