[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13590
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 20, 2006
THOMAS K. KAHN
CLERK

BIA Nos.
A97-185-604
A97-185-605

MAURICIO ADOLFO ECHEVERRI CARDONA,
MONICA PATRICIA TABARES RAMIREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(January 20, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Mauricio Adolfo Echeverri Cardona ("Echeverri"), a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' order adopting and affirming the immigration judge's decision denying him asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1]  We dismiss the petition in part and deny the petition in part.

## I.

Echeverri entered the United States as a non-immigrant visitor on March 28, 2000.  He did not file his application for asylum until February 2003, after nearly three years had passed.[2]

An alien is not entitled to asylum unless he demonstrates by clear and convincing evidence that the application has been filed within one year after arriving in the United States.  8 U.S.C. § 1158(a)(2)(B).  An untimely asylum application may still be considered if the alien demonstrates extraordinary circumstances relating to the delay.  Id. § 1158(a)(2)(D).

---

[1] Echeverri also sought relief under the United Nations Convention Against Torture; however, he makes no arguments concerning CAT relief on appeal.  He has therefore waived that issue.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("Sepulveda does not raise any challenge in her brief to the denial of relief under the Convention Against Torture (CAT).  When an appellant fails to offer argument on an issue, that issue is abandoned."); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 n.43 (11th Cir. 1998) ("Claims not presented to the court of appeals are considered waived."). Accordingly, we deny the petition as it relates to CAT relief.

[2] Echeverri is the primary applicant.  His wife, Monica Patricia Tabares Ramirez, is a derivative applicant, and therefore relies on Echeverri's asylum application.

The BIA affirmed the IJ's denial of Echeverri's application for asylum because his application was not filed within one year of his arrival in this country and he failed to prove extraordinary circumstances which would excuse the untimely filing. This Court is without jurisdiction to review that determination. 8 U.S.C. § 1158(a)(3); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) ("section 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing"); see also Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (holding that changes to the INA's judicial review provisions by the Real ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), did not affect the jurisdictional bar of § 1158(a)(3)). Accordingly, we dismiss for lack of jurisdiction Echeverri's petition as to his asylum claim.

## II.

Although we do not have jurisdiction to review the denial of Echeverri's asylum application, we do have jurisdiction to entertain his petition for review of the denial of his application for withholding of removal. To qualify for withholding of removal, an alien must show that, if returned to his native country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.

3

§ 1231(b)(3)(A). The burden of proof is on the alien to show either that he has suffered past persecution or that it is more likely than not that he will suffer future persecution. See 8 C.F.R. § 208.16(b). The applicant's testimony, "if credible, may be sufficient to sustain the burden of proof without corroboration." Id.

The IJ did not separately address whether Echeverri was eligible for withholding of removal. Instead, the IJ determined that, even if Echeverri's application for asylum had not been time-barred, he failed to establish either past persecution or a well-founded fear of future persecution necessary for the granting of asylum.[3] Because the more-likely-than-not standard for withholding of removal is more stringent than the well-founded-fear standard for asylum, see Al Najjar v. Ashcroft, 257 F.3d 1262, 1292–93 (11th Cir. 2001), the IJ denied Echeverri's claim for withholding of removal.

The BIA expressly adopted the IJ's decision; therefore, we review that

---

[3] To be eligible for asylum, an applicant must first demonstrate that he is a refugee. 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

Id. § 1101(a)(42)(A). To establish refugee status, an applicant for asylum must present specific and credible evidence that he has experienced past persecution or that he has a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1)–(2); Al Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001).

4

decision as well as the BIA's decision.  Id. at 1284.  We review legal determinations made by the BIA and the IJ de novo.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).  We review the IJ's and BIA's findings of fact under the substantial evidence test and must affirm the decision below "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar, 257 F.3d at 1284 (quotation and citation omitted).  Under this highly deferential standard of review, a denial of relief may be reversed only if the evidence "compels" it.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992).

We also review the IJ's credibility determinations under the substantial evidence test and "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings."  D-Muhumed, 388 F.3d at 818.  "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application," but the IJ must still "consider other evidence produced by an asylum applicant."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  When the IJ has made an adverse credibility determination, the applicant has the burden of showing that "the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence."  Id.  (quoting D-Muhumed, 388 F.3d at 819).

The IJ found that, despite the fact that Echeverri worked for two Colombian

coffee growers' associations in a "red zone" where he encountered Revolutionary Armed Forces of Colombia ("FARC") guerillas, he had never been harmed by them. The IJ found that there was no evidence that Echeverri had ever tried to relocate within Colombia or that FARC guerillas had ever threatened him and his wife at their home. The IJ also found that although Echeverri engaged in community activity on behalf of the Liberal Party in Colombia, he had merely been a collaborator and had never been a party member.

Echeverri claimed that FARC murdered his brother-in-law in May 1998 as the two of them were leaving a political meeting and that FARC called his office one year later and threatened him. The IJ found that the affidavits by three individuals offered by Echeverri to support his claim for asylum were completed five years after the fact and did not identify who killed Echeverri's brother-in-law. The IJ also found that Echeverri was not credible because, when he came to the United States in May 1999 after the threatening phone call from FARC, he did not then seek asylum but instead returned to Colombia sixty-one days later.

Based on our review of the record, we hold that substantial evidence supports the IJ's determination, as adopted by the BIA, that Echeverri is not entitled to withholding of removal. Echeverri failed to prove that he had previously been persecuted. The evidence shows that Echeverri encountered FARC guerillas on three occasions between February and April 1998 while

6

working for the coffee growers' association. During these encounters, Echeverri was detained and interrogated but, as the IJ found, he was never harmed. These instances, while frightening, are not sufficient to rise to the level of persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) ("[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation. . . . [M]ere harassment does not amount to persecution.") (internal quotation marks and citation omitted).

Nor did Echeverri prove that it is more likely than not that he will be persecuted when he returns to Colombia. The only evidence that Echeverri's life is at risk in Colombia is his testimony that his brother-in-law was killed in May 1998 after a political meeting at which Echeverri was also present and that, one year later, FARC guerillas called his office to take credit for the murder and to tell Echeverri that "they were not going to fail," apparently in reference to Echeverri himself. After that phone call, Echeverri fled to the United States—without his wife—but stayed only two months before returning to Colombia. He remained in Colombia for several months, without incident,[4] before returning to the United States in March 2000. In total, between May 1998, when his brother-in-law was killed, and his March 2000 arrival in this country, Echeverri received only one

---

[4] Echeverri stated in his asylum application that his parents received a threatening phone call after he returned from the United States; however, Echeverri did not testify to this fact before the IJ.

7

equivocal threat and was never harmed.  Based on this evidence, the IJ correctly found that Echeverri did not have a well-founded fear of persecution (necessary for asylum) and was therefore ineligible for withholding of removal.

Lastly, we note that the IJ provided specific, cogent reasons for his adverse credibility determination.  Substantial evidence supports these findings.  Echeverri never provided a clear answer as to why he did not file for asylum within one year of coming to this country in March 2000.  Echeverri also provided conflicting answers about whether he was a Liberal Party member.

For the foregoing reasons, we deny Echeverri's petition for review of the denial of withholding of removal.

**DISMISSED IN PART AND DENIED IN PART.**