[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15100
Non-Argument Calendar
_____

BIA Nos. A96-096-772 & A96-096-773

JUAN JORGE MONCADA RESTREPO,
LAURA MARIA GOEZ JARAMILLO,
VERONICA MONCADA GOEZ,
JUAN SEBASTIAN MONCADA GOEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(March 16, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Jorge Moncada Restrepo petitions for review of the orders of the Immigration Judge and Board of Immigration Appeals that denied his application for asylum and withholding of removal. We deny Moncada Restrepo's petition.

Moncada Restrepo, his wife, and their two children, all citizens of Colombia, entered the United States on December 5, 2000, and filed an application for asylum on October 11, 2002. On January 29, 2003, the Immigration and Naturalization Service issued a Notice to Appear that charged Moncada Restrepo and his family as removable for being present in the United States in violation of law. 8 U.S.C. § 1227(a)(1)(B). At the hearing before the IJ, Moncada Restrepo conceded removability on the grounds stated in the Notice, but argued that he was entitled to asylum and withholding of removal.

Moncada Restrepo testified that, while living in Colombia, he was a member of several "social welfare committees" and actively criticized the militant group Revolutionary Armed Forces of Columbia (FARC). From July to December 2000, Moncada Restrepo received numerous threatening phone calls from a man who identified himself as a member of FARC. Moncada Restrepo also stated that on October 13, 2000, his wife was approached by "some men on a motorcycle" who told her to get out of her car but fled when a police vehicle approached. Moncada Restrepo testified that he received another phone call that evening during which the FARC member stated, "[T]oday, we failed but the next time, we're not going to

2

fail whether it's with you[] or with your family." Although Moncada Restrepo testified that he believed the threats were caused by his political activity, on cross-examination he admitted that the threats may have been made because he terminated several employees from his business. Moncada Restrepo never notified the authorities of the phone calls or the incident involving his wife.

Moncada Restrepo testified that several circumstances delayed his application for asylum. Moncada Restrepo stated that on September 20, 2001, he injured his foot in a work-related accident, spent 35 days in the hospital, and was immobilized for over six months. Moncada Restrepo testified that this injury made him unable to consult an attorney to file his asylum application, but he admitted that he made monthly trips to his doctor's office for checkups. Moncada Restrepo stated that he did not file his application before his injury because his previous attorney did not advise him of the one-year deadline and he was waiting for documents to arrive from Colombia.

The IJ denied Moncada Restrepo's application for asylum and withholding of removal. The IJ denied Moncada Restrepo's application for asylum as untimely because he failed to apply for asylum within one year of his arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), and he failed to establish "extraordinary circumstances" to excuse his delay, 8 C.F.R. § 1208.4(a)(5). The IJ addressed Moncada Restrepo's application for withholding of removal on the merits and

3

found that he did not meet his burden to show that it is more likely than not that he would be persecuted on account of a protected ground. The BIA affirmed the order of the IJ "for the reasons set forth in the Immigration Judge's decision."

When the BIA adopts the opinion of the IJ, this Court reviews the decisions of both the BIA and IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo questions of subject matter jurisdiction. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 n.5 (11th Cir. 2003). "The IJ's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. at 1287 (quoting 8 U.S.C. § 1252(b)(4)(B)).

First, Moncada Restrepo argues that the IJ and BIA erroneously denied his application for asylum on the ground that it was untimely, but this Court lacks jurisdiction over this issue. The Immigration Act provides, "No court shall have jurisdiction to review any determination" that an application for asylum is untimely. 8 U.S.C. § 1158(a)(3). "[S]ection 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Mendoza, 327 F.3d at 1287. We have held that the recent amendment to the Immigration Act, see 8 U.S.C. § 1252(a)(2)(D), does not affect

4

the jurisdictional bar of section 1158(a)(3). Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

Second, Moncada Restrepo argues that the IJ and BIA erroneously denied his application for withholding of removal. An alien may not be removed if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The alien bears the burden of demonstrating that it is more likely than not she will be persecuted or tortured upon being returned to her country." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1233 (11th Cir. 2005) (internal quotations omitted).

The conclusion of the BIA and IJ that Moncada Restrepo failed to satisfy his burden is supported by substantial evidence for at least three reasons. First, the threats against Moncada Restrepo did not rise to the level of persecution. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quoting Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000) (internal quotation marks and modifications omitted)). Second, the evidence does not compel the conclusion that the threats were on account of a protected ground; Moncada Restrepo admitted that the phone calls may have been motivated by his termination of employees from his business.

5

Third, Moncada Restrepo "never contacted the local police or national law enforcement authorities to obtain protection from [FARC], and therefore cannot argue persuasively that the [Colombian] government is unable or unwilling to protect him." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001). Moncada Restrepo's petition for review of the orders of the BIA and IJ is

**DENIED**.