[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2006
THOMAS K. KAHN
CLERK

No. 06-10781
Non-Argument Calendar

_____

BIA Nos. A97-197-124 & A97-197-125

EDGAR ANTONIO MURCIA-MURGUEITIO,
FANNY VALENCIA-REYES,
NATALIA MURCIA-VALENCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 16, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Edgar Antonio Murcia-Murgueitio, a native and citizen of Colombia, petitions for review of a decision of the Board of Immigration Appeals that affirmed the denial of his application for asylum and withholding of removal. Murcia-Murgueitio alleged that he would suffer persecution at the hands of the National Liberation Army (ELN) based on his membership in the Conservative Party and as a member of a family whose members were persecuted by the ELN. Murcia-Murgueitio argues that the BIA and Immigration Judge erred both because he (1) established changed circumstances and (2) established that it is more likely than not that he will be persecuted upon his return to Colombia. We dismiss in part and deny in part Murcia-Murgueitio's petition.

The BIA affirmed the denial of Murcia-Murgueitio's application for asylum because Murcia-Murgueitio filed the application outside of the one-year statutory period and failed to establish changed circumstances to excuse the late filing. See 8 U.S.C. § 1158(a)(2)(D). Section 1158(a)(2)(B) provides that an alien may apply for asylum if "the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An alien may apply for asylum after one year of arrival if the alien "demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or

2

extraordinary circumstances relating to the delay in filing an application." Id. § 1158(a)(2)(D).

We lack jurisdiction to review the denial of Murcia-Murgueitio's application for asylum as time-barred. Under section 1158(a)(3), "[n]o court shall have jurisdiction to review any determination" that an application was untimely or failed to establish changed or extraordinary circumstances to excuse the delay. Id. § 1158(a)(3). Although section 1252(a)(2)(D) permits courts to review alleged constitutional deprivations and questions of law, Murcia-Murgueitio has not presented an issue of that kind. See id. § 1252(a)(2)(D); Botero v. U.S. Att'y Gen., 427 F.3d 952 (11th Cir. 2005).

The BIA affirmed the denial of Murcia-Murgueitio's application for withholding of removal because Murcia-Murgueitio failed to establish that he would more likely than not be persecuted as a member of his family. Because the BIA issued a separate opinion from the IJ, we review the decision of the BIA, except to the extent that the BIA expressly adopts the decision of the IJ, Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001), and reverse findings of facts "only when the record compels a reversal," Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). "[A]n alien is entitled to withholding of removal if []he establishes 'that it is more likely than not that []he would be persecuted on account of race, religion, nationality, membership in a particular social group, or

3

political opinion upon removal to that country.'" Id. at 1375 (quoting 8 C.F.R. § 208.16(b)(2)).

Murcia-Murgueitio argues that he more likely than not will be persecuted upon his return to Colombia because he shares the same last name as his mother and aunt, who were targeted by the ELN, but substantial evidence supports the findings of the IJ. Although Murcia-Murgueitio bases his claim on the persecution that his mother suffered, he personally has never been threatened by the ELN. The record does not compel the conclusion that Murcia-Murgueitio will more likely than not suffer persecution upon his return to Colombia.

Murcia-Murgueitio's petition is

**DISMISSED in part and DENIED in part.**