[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15321
Non-Argument Calendar

_____

Agency No. A97-132-893

ROSMIRY DEL CARMEN NEGRETTE-VALBUENA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 6, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Rosmiry Del Carmen Negrette-Valbuena, a native and citizen of Venezuela,

petitions this Court for review of the final order of the Board of Immigration

Appeals that affirmed the decision of an Immigration Judge to deny her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment (CAT). We deny the petition in part and dismiss the petition in part.

## I. BACKGROUND

Negrette-Valbuena was admitted to the United States on June 6, 1999, as a nonimmigrant visitor to remain for a period not to exceed six months. Negrette-Valbuena applied for asylum, withholding of removal, and relief under CAT on April 7, 2004. Negrette-Valbuena was the only witness at the hearing before the IJ. In addition to her testimony, Negrette-Valbuena submitted the following evidence: (1) interrogatories answered by two neighbors regarding threats and harassment suffered by her family in Venezuela; (2) a Venezuelan hospital record for a patient admitted on June 3, 2000, due to a serious head wound; (3) an arrest warrant issued by the Bolivarian Republic of Venezuela for Jesus Del Carmen Segovia, for assaulting Negrette-Valbuena's father; and (4) a news article noting that Negrette-Valbuena's father had contacted the press to denounce his political persecution and complain that the authorities had not acted efficiently in clearing up the events surrounding his attack.

Negrette-Valbuena testified that she left Venezuela and came to the United

States in June 1999 because of problems related to her father's involvement with a political party named COPEI. Her family had received telephone threats and a burglary had occurred at their house. Negrette-Valbuena testified that in June 2000 her father suffered a head injury from an assault by a man named Segovia, a member of the "other party." Negrette-Valbuena acknowledged that the Venezuelan government attempted to locate and arrest Segovia after the attack. During cross-examination, Negrette-Valbuena admitted that: (1) throughout her father's participation in COPEI, she, her mother, and her sisters were never physically harmed; (2) she had not personally participated in any political organization and had not experienced a direct threat; (3) her mother and two sisters remain in the family home; and (4) after her father went into hiding, no members of her family have been physically harmed.

The IJ determined that Negrette-Valbuena's asylum application was time-barred, and there were no changed country conditions or exceptional circumstances to excuse the late filing. The IJ also found that, even if Negrette-Valbuena's asylum application had been timely, she failed to establish a well-founded fear of persecution on account of one of the five protected grounds. The IJ made an adverse credibility finding on the ground that Negrette-Valbuena gave inconsistent and uncorroborated testimony on essential aspects of the asylum application. The IJ found that Negrette-Valbuena failed to meet her burden of establishing past

3

persecution or a well-founded fear of future persecution, based on her father's imputed political opinion, and denied her request for withholding of removal and CAT relief.

Negrette-Valbuena appealed to the BIA, which adopted and affirmed the decision of the IJ. The BIA also held that, even if Negrette-Valbuena was credible, she failed to prove that she had suffered past persecution or that her fear of future persecution was well-founded. The BIA found that even if a threat of persecution exists, Negrette-Valbuena failed to establish that the threat was country-wide.

## II. STANDARD OF REVIEW

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA expressly adopted the IJ's reasoning and briefly articulated its own reasons for affirming the IJ's decision. We review the decisions of both the IJ and the BIA. Id.

We review factual determinations of the BIA under the substantial evidence test. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "The trier of fact must determine credibility, and this [C]ourt may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v.

4

U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

### III.  DISCUSSION

Negrette-Valbuena contends that the IJ and BIA erroneously denied her application for asylum, request for withholding of removal, and relief under CAT. We are without jurisdiction to review the denial of Negrette-Valbuena's application for asylum as untimely.  Because substantial evidence supports the decision of the IJ and BIA decision that Negrette-Valbuena is not entitled to withholding of removal or relief under CAT, Negrette-Valbuena's petition fails.

*A.  We Lack Jurisdiction to Review Negrette-Valbuena's Application for Asylum.*

Negrette-Valbuena argues that the IJ erroneously concluded that she failed to establish "changed circumstances" to excuse her untimely application for asylum.  The government contends that we lack jurisdiction to consider Negrette-Valbuena's petition.  We agree with the government.

An application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  Id. § 1158(a)(2)(D).  Section 1158(a)(3) provides that "[n]o court shall have jurisdiction to review any determination" that the application was

untimely or that there were changed or extraordinary circumstances that excused the delay.  Id. § 1158(a)(3).  Accordingly, this Court lacks jurisdiction to review the findings of the IJ and BIA that Negrette-Valbuena's asylum application was untimely and there were no changed circumstances to excuse her delay.  Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

*B.  Substantial Evidence Supports the Finding of the IJ and BIA That Negrette-Valbuena Is Not Entitled to Withholding of Removal or CAT Relief.*

Negrette-Valbuena argues that she is entitled to withholding of removal and CAT relief.  To qualify for withholding of removal, Negrette-Valbuena had to establish that it is more likely than not that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if returned to Venezuela.  8 U.S.C. § 1231(b)(3).  An alien is entitled to withholding of removal if she can establish, with specific and credible evidence (1) a past threat to life or freedom through proof of past persecution on account of a protected ground; or (2) a future threat to life or freedom if it "is more likely than not" that the protected ground will cause future persecution. Id. § 208.16(b)(1), (2).  An alien is entitled to relief under CAT if she can "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).  For purposes of CAT

6

relief, "torture" refers to "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. § 208.18(a)(1).

Substantial evidence supports the decision of the IJ and BIA that Negrette-Valbuena failed to meet her burden of proof for withholding of removal and CAT relief for at least three reasons. First, Negrette-Valbuena's evidence that her family was threatened, a burglary occurred at their home, their car was damaged by vandals, and her father was assaulted did not compel a finding that Negrette-Valbuena experienced past persecution. Second, Negrette-Valbuena's evidence that her mother and two sisters were able to remain in the country for several years after the harassing events supports the finding that Negrette-Valbuena's fear of future persecution was not well-founded and the alleged persecution was not country-wide. Third, Negrette-Valbuena's evidence that the government issued an arrest warrant for her father's attacker undermined her CAT claim, and Negrette-Valbuena offered no evidence that a government official would be inclined to torture her.

## IV. CONCLUSION

Negrette-Valbuena's petition for review is **DISMISSED** in part and **DENIED** in part.