[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13918
Non-Argument Calendar

_____

Agency No. A99-646-285

LEONARDO JAVIER GARCIA-PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 27, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Leonardo Garcia-Perez ("Garcia") petitions for review of the Board of

Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1]  Garcia, a citizen of Venezuela, claims past persecution and a well-founded fear of future persecution because of his opposition to the Chavez government.  After review, we dismiss in part and deny in part the petition for review.

As a threshold matter, we dismiss Garcia's petition to the extent he challenges the denial of his asylum application as untimely.  We lack jurisdiction to review the determinations that his asylum application was untimely and that he failed to show extraordinary circumstances or changed country conditions that justified his untimely filing.  See 8 U.S.C. § 1158(a)(3); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

An alien seeking withholding of removal must show that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  In other words, the alien bears the burden to show that it is "more likely than not" that he will be persecuted on account of

---

[1]On appeal, Garcia does not challenge the denial of relief under United Nations Convention Against Torture ("CAT") and, thus, has abandoned this issue.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

one of the five protected grounds if returned to his country.  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (hyphens omitted).  To establish eligibility, the alien must show either that he suffered past persecution or that he has a well-founded fear of future persecution.  See 8 C.F.R. § 208.16(b)(1)-(2); Mendoza, 327 F.3d 1287.[2]

Although the INA does not define persecution, this Court has stated that "persecution is an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation."  Ruiz v. Gonzalez, 479 F.3d 762, 766 (11th Cir. 2007) (quotation marks omitted).  This Court has concluded that threats in conjunction with brief detentions or a minor physical attack that did not result in serious physical injury do not rise to the level of persecution.  See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168 (11th Cir. 2008) (36-hour detention, beating and threat of arrest); Zheng v. U.S. Att'y Gen., 451 F.3d 1287 (11th Cir. 2006) (5-day detention).

Here, we cannot say the evidence compels a conclusion that the incidents

---

[2]"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well."  Id.  Here, because the BIA relied upon the reasons identified in the IJ's order, we review both decisions.  We review a factual determination that an alien is statutorily ineligible for withholding of removal under the substantial evidence test.  Id. at 1283-84.  Under the substantial evidence standard, "we must find that the record not only supports reversal, but compels it."  Mendoza, 327 F.3d at 1287.

Garcia described amounted to persecution.[3]  Over four years, Garcia experienced verbal threats and harassment, one incident of car vandalism and two brief airport detentions.  Garcia also experienced two beatings that did not involve weapons, resulted in only minor injuries and occurred over three years apart.  This mistreatment does not have the same level of severity found in other cases in which the record has compelled a conclusion that the petitioner was persecuted. See, e.g., De Santamaria v. U.S. Att'y Gen., 525 F.3d 999 (11th Cir. 2008) (involving verbal threats, assault resulting in hospitalization, trauma from torture and fatal shooting of family groundskeeper who refused to reveal petitioner's location, kidnapping and beating with guns resulting in hospitalization); Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211 (11th Cir. 2007) (involving threats, numerous interrogations and beatings by police during a 15-day detention resulting in 2-month hospitalization, and two subsequent physical assaults on street); Mejia v. U.S. Att'y Gen., 498 F.3d 1253 (11th Cir. 2007) (involving written threats and "condolence" letter, assault with a rock and detention at gunpoint, during which petitioner was thrown to the ground and his face was smashed with a rifle butt, breaking his nose and requiring surgery); Ruiz, 479 F.3d 762 (11th Cir. 2007)

---

[3]Because we conclude that substantial evidence supports the finding that the incidents Garcia says he suffered, taken as true, do not rise to the level of persecution, we do not address Garcia's argument that the IJ did not make a clean credibility determination.

(involving verbal threats, brief detention and physical assault during which another person was shot trying to escape, another brief detention in which petitioner was beaten with weapons and kidnapping during which petitioner's wife was raped, his farm animals were killed and petitioner was forced to march into the jungle, where he was held for 15 days before he escaped).

Substantial evidence also supports the BIA's determination that Garcia failed to demonstrate a well-founded fear of future persecution. To show future persecution, an alien "must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001). Further, "[a]n alien cannot demonstrate that [he] more-likely-than-not would be persecuted on a protected ground if the [BIA] finds that the alien could avoid a future threat by relocating to another part of [his] country." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (quotation marks omitted); 8 C.F.R. § 208.16(b)(2). Evidence that an alien's family continues to reside unharmed in a country diminishes a well-founded fear of future persecution claim. See Ruiz, 440 F.3d at 1259.

Garcia traveled back and forth between Venezuela and the United States seven times during the period he was being threatened and harassed. All seven trips occurred after the most severe incident, a physical assault in November 1999

5

in which he was hit in the head and stomach and was treated at a hospital for two hours. Garcia's family continues to reside in Venezuela unharmed. Garcia's application stated that a minister at Garcia's Venezuelan church had received death threats and was found dead on April 24, 2006. However, Garcia did not explain his relationship to the minister or why the group responsible for the minister's murder would consider Garcia to be the same type of political opponent.

Additionally, although Garcia had the burden to show it would not be reasonable for him to relocate, see 8 C.F.R. § 208.16(b)(3)(i), Garcia did not testify that he could not relocate within Venezuela or submit evidence of the nationwide reach of the pro-Chavez groups targeting him.[4] Indeed, as the government points out, it appears all the alleged incidents occurred in Garcia's home town. Given the low level of Garcia's political involvement, which consisted mainly of passing out propaganda and organizing student meetings, Garcia offered no evidence that, after a five-year absence, these pro-Chavez groups would follow him to other parts of Venezuela. Accordingly, we deny his petition with respect to his withholding of removal claim.

**DISMISSED IN PART, DENIED IN PART.**

---

[4]Garcia argues that the IJ erred by failing to consider the Country Report for Venezuela or include it in the record. However, we do not have jurisdiction to review this issue because Garcia failed to exhaust it by raising it before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

6