[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12936
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A98-546-911,
A98-546-912


RONY ROLANDO ALVARADO-ORELLANA,
RUTH ESMIRNA PINEDA-PINEDA,


                                        Petitioners-Appellants,


versus


U.S. ATTORNEY GENERAL,


                                        Respondent-Appellee.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 1, 2009)

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Rony Rolando Alvarado-Orellana and his wife, Ruth Esmirna Pineda-Pineda,[1] natives and citizens of Guatemala proceeding pro se, petition for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum and withholding of removal.[2] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").[3] We review de novo legal determinations of the BIA. Id. A factual determination that an alien is unentitled to relief "must be upheld if it is supported by substantial evidence."

---

[1]Alvarado-Orellana included his wife as a derivative in his asylum application; so, our decision about Alvarado-Orellana also applies to her.

[2]The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But on appeal, Alvarado-Orellana does not offer argument on this claim; and, thus, it is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

[3]In addition, we liberally construe pro se briefs. Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

2

Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

On appeal, Alvarado-Orellana argues the merits of his asylum claim. The government correctly notes that we lack jurisdiction to consider Alvarado-Orellana's asylum claim because the BIA affirmed the IJ's conclusion that his asylum application was untimely and that he failed to demonstrate an exception to the filing deadline contained in 8 U.S.C. § 1158(a)(2)(B).[4] Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005) (we lack jurisdiction, under section 1158(a)(3), to review an IJ's untimeliness ruling).

We have jurisdiction over Alvarado-Orellana's petition for review of his claim for withholding of removal. An alien seeking withholding of removal must show that his life or freedom would be threatened because of a protected ground, such as political opinion. See 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon return to his country of nationality. Mendoza, 327 F.3d at 1287. The alien may satisfy this burden by showing past persecution on account of a

_____

[4]Alvarado-Orellana entered the United States in 1999 and filed his asylum application in 2005.

3

protected ground.[5]  Id.  An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground.  Id.; see also 8 C.F.R. § 208.16(b)(2).

Here, Alvarado-Orellana sought relief based on his political opinion.  As a member of the National Alliance Party ("PAN"), Alvarado-Orellana distributed political literature in his hometown in the months before an election; and twice, he was threatened by an opposition party called the White Star Party.  He first was threatened when two armed members of the White Star Party came to his house and told him that, if he did not stop his political activities, he would be hurt.  The party members did not point their guns at him.  About 10 days later, Alvarado-Orellana received a letter at his house stating that he was going to be killed.  These threats prompted Alvarado-Orellana to flee Guatemala.

The IJ denied Alvarado-Orellana withholding of removal relief, concluding that his two incidents with the White Star Party did not establish past persecution and that his fear of future persecution was undercut because he had family remaining unharmed in Guatemala.  The BIA affirmed the IJ, noting that (1) Alvarado-Orellana had been threatened on only two occasions in Guatemala, (2)

_____

[5]If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country.  Id.

4

relocation was a viable option for him, and (3) nothing indicated that the concerns leading to Alvarado-Orellana's departure still were present.

On appeal, Alvarado-Orellana argues that he established past persecution and a well-founded fear of future persecution based on his involvement in PAN. After review, we conclude that the evidence does not compel the conclusion that Alvarado-Orellana was entitled to withholding of removal. We have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation"; and "mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (citation and internal quotation omitted). The two incidents Alvarado-Orellana described with the White Star Party -- a face-to-face encounter where he was not physically harmed or threatened with a weapon and a harassing letter -- are insufficiently extreme to rise to the level of past persecution.

And the record does not compel the conclusion that Alvarado-Orellana faces a future threat to his life or freedom if returned to Guatemala. Alvarado-Orellana's political activities were relegated to a single election in a specific geographic area, and nothing in the record evidences that the White Star Party has tried to find Alvarado-Orellana since he left Guatemala. His parents and four of his children also remain in Guatemala unharmed. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (indicating that a claim of well-founded fear is

5

undercut when the alien has family living in his native country without incident).

Therefore, we deny the petition for review on withholding of removal.

PETITION DISMISSED IN PART, DENIED IN PART.