[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 6, 2005
THOMAS K. KAHN
CLERK

No. 04-16422
Non-Argument Calendar

_____

Agency No. A95-551-171

LUIS FERNANDO CHACON-BOTERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 6, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Colombian native and citizen Luis Fernando Chacon-Botero petitions for review of the Board of Immigration Appeals' (BIA's) decision adopting and affirming the Immigration Judge's (IJ's) order denying his claim for asylum, 8 U.S.C. § 1158,[1] withholding of removal, 8 U.S.C. § 1231(b)(3), under the Immigration and Nationality Act (INA), and his claim for protection under the United Nation's Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). We dismiss the petition in part, and deny in part.

## I. BACKGROUND

Chacon-Botero arrived in the United States on April 8, 2000, with authorization to remain in the United States for a temporary period not to exceed November 20, 2000. He remained in the United States beyond November 20, 2000, without permission from the Immigration and Naturalization Service (INS).[2] Chacon-Botero filed an application for asylum and withholding of removal under the INA on May 28, 2002. He acknowledged he was filing his application for

---

[1] Because Chacon-Botero's asylum proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009, apply.

[2] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 (HSA), Pub. L. No. 107-296, 116 Stat. 2135. The HSA created a new Department of Homeland Security (DHS), abolished the INS, and transferred its functions to the new department. Because this case was initiated while the INS was still in existence, however, this opinion refers to the agency as the INS rather than the DHS.

asylum more than one year after his arrival in the United States, but failed to explain why he did not file an asylum application within the first year after he arrived.

During removal proceedings in front of an IJ, Chacon-Botero admitted the allegations of fact, conceded the charge of removability as set forth in the notice to appear, and requested asylum, withholding of removal, and protection under the CAT. The IJ continued the hearing after finding the charge of removability was established by clear and convincing evidence and pointing out Chacon-Botero's asylum application was untimely.

During a later removal hearing, Chacon-Botero testified he had not filed his asylum application within one year after arriving in the United States because he had wanted to return to Colombia. Additionally, Chacon-Botero claimed he was "misinformed" by his previous attorney who advised him his only remedy was to apply for a labor certification. On cross-examination, however, Chacon-Botero admitted he "never made an agreement with [his former attorney] based on political asylum."

At the conclusion of the hearing, the IJ asked Chacon-Botero whether he informed his previous attorney he was persecuted in Colombia by the FARC guerillas. Chacon-Botero responded he informed his former attorney he was threatened in Colombia, but he never explicitly agreed with the attorney that he

3

wanted to apply for asylum because he believed his attorney would advise him on the matter. Following the hearing, Chacon-Botero submitted an affidavit in which he explained: (1) he did not file for asylum during the year following his arrival in the United States because he "had every intention of going back to [his] country, Colombia; however, the situation did not allow [him] to do so;" (2) an attorney "suggested that the only process [he] could follow was" the labor certification process, and (3) he "did not know that [he] was capable of filing for political asylum."

After taking into consideration Chacon-Botero's testimony, as well as the documentary evidence, the IJ rendered an oral decision denying Chacon-Botero's application for asylum, withholding of removal, and protection under the CAT. The IJ found Chacon-Botero's application for asylum was statutorily time-barred because Chacon-Botero did not file it within one year after his entry into the United States and he did not show exceptional or extraordinary circumstances which justified a delay in filing. Nevertheless, the IJ went on to address the underlying merits of Chacon-Botero's application for asylum, finding because Chacon-Botero's testimony was not credible or sufficiently detailed, he failed to establish past persecution or a well-founded fear of future persecution in Colombia. Likewise, because of the inconsistencies in his application and

4

testimony, the IJ concluded Chacon-Botero failed to meet his burden of establishing eligibility for withholding of removal and protection under the CAT.

Chacon-Botero timely appealed the IJ's decision to the BIA. The BIA adopted and affirmed the decision of the IJ. The BIA agreed with the IJ's finding that Chacon-Botero failed to establish by clear and convincing evidence his asylum application was filed within one year after his arrival in the United States or that he fell within an exception to the deadline. The BIA further agreed with the IJ that Chacon-Botero did not meet his burdens of proof with respect to the relief sought. Accordingly, the BIA dismissed the appeal.

## II. DISCUSSION

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA expressly adopted the IJ's reasoning and briefly articulated its reasons for doing so. Thus, we review the decisions of both the IJ and the BIA.

This Court is "'obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citations omitted). An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).

An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General, and "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding timeliness of the asylum application. 8 U.S.C. § 1158(a)(3); *see also Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (noting 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing").

On May 11, 2005, President Bush signed into law the Real ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231. Section 106(a)(1)(A)(iii) of the Real ID Act amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(2)(D), which provides in pertinent part:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS. –
> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

6

REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310.

Furthermore, Section 106(a) of the Real ID Act took effect on the date of

enactment and applies to cases in which the final order of removal, deportation, or

exclusion was issued before, on, or after the date of the enactment. *See* Real ID

Act § 106(b). Therefore, § 1252(a)(2)(D), as added by the Real ID Act, applies to

this petition for review.

Under our existing precedent, decided before the enactment of the Real ID

Act, we do not have jurisdiction to consider the IJ's untimeliness ruling. *See*

*Mendoza*, 327 F.3d at 1287. We have not addressed this issue since the enactment

of the Real ID Act. The Seventh Circuit, however, recently held it could not

review the BIA's denial of a petitioner's untimely asylum claim "even in light of

the changes in the judicial review provisions contained in the Real ID Act of

2005." *Vasile v. Gonzales,* 417 F.3d 766, 768 (7th Cir. 2005). The Seventh

Circuit reasoned that notwithstanding § 106(a) of the Act, "discretionary or factual

determinations continue to fall outside the jurisdiction of the court of appeals

entertaining a petition for review." *Id.* Thus, the timeliness issue still fits squarely

within 8 U.S.C. § 1158(a)(3) which says "[n]o court shall have jurisdiction to

review any determination of the Attorney General under paragraph (2)." *Id.*

We agree with the Seventh Circuit's conclusion and hold we cannot review

the IJ's and BIA's denial of Chacon-Botero's asylum claim, even considering the

changes in the Real ID Act. The timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes.[3] Thus, we adhere to our existing precedent that 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Mendoza*, 327 F.3d at 1287. We dismiss Chacon-Botero's petition as to his asylum claim for lack of jurisdiction.[4]

PETITION DISMISSED IN PART AND DENIED IN PART.

---

[3] This case is distinguishable from *Balogun v. U.S. Attorney Gen.*, No. 04-12507, 04-14496, 2005 WL 2333840 (11th Cir., Sept. 26, 2005). In *Balogun*, we concluded that although we did not have jurisdiction to do so in the past, after the enactment of the Real ID Act "we have jurisdiction to decide in a petition for review proceeding whether the BIA erred in determining that a petitioner's conviction is an aggravated felony within the meaning of 8 U.S.C. § 1182(h)." In contrast to this case, *Balogun* presented a question of law covered by the Real ID Act's changes.

[4] As to Chacon-Botero's petition for review of the denial of his withholding of removal and CAT claims, we conclude that substantial evidence supports the IJ's and BIA's denial of those claims. *See Sanchez v. U.S. Attorney Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (holding an alien must show it is more likely than not he will be tortured in his home country at the hands of the government to demonstrate eligibility for CAT protection); *Mendoza*, 327 F.3d at 1287 (noting an alien must show he more likely than not would be persecuted or tortured upon his return to the country in question to demonstrate eligibility for withholding of removal). Thus, we deny his petition as to the denial of his withholding of removal and CAT claims.

8