UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1608

PAUL KRISMAN, a/k/a Michaele Gebrenguss Manna,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-240-678)

Submitted: January 20, 2006          Decided: September 12, 2006

Before LUTTIG,[1] MICHAEL, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David A. Garfield, LAW OFFICE OF DAVID GARFIELD, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Song E. Park, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

[1]Judge Luttig was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Paul Krisman, a/k/a Michaele Gebrenguss Manna ("Manna"), a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Manna contends that the Board and immigration judge erred in denying asylum relief on the ground that he failed to demonstrate that he filed his application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). As a general rule, we lack jurisdiction to review a timeliness determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the recent passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See, e.g., Chacon-Botero v. United States Att'y Gen., 427 F.3d 954, 956-57 (11th Cir. 2005) ("The timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes.").

We retain a narrowly circumscribed jurisdiction, however, to resolve actual constitutional challenges or questions of law under the terms of the REAL ID Act. See Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir. 2006). Accordingly, we find that we possess jurisdiction over Manna's claim that the immigration judge

violated his rights under the Due Process Clause by raising the timeliness issue at the end of the hearing without giving him an adequate chance to respond. In order to prevail on a due process claim, Manna must show that he was prejudiced by the alleged violation. See Rusu v. INS, 296 F.3d 316, 320 (4th Cir. 2002); Farrokhi v. INS, 900 F.2d 697, 703 n.7 (4th Cir. 1990). A reviewing court may find prejudice only "when the rights of [an] alien have been transgressed in such a way as is likely to impact the results of the proceeding." Rusu, 296 F.3d at 320-21 (internal quotations and citation omitted). Given that the immigration judge would have denied Manna's asylum claim in any event on the alternative holding that he failed to demonstrate persecution by the Ethiopian government based on any imputed political opinion, his ethnicity, or his nationality,[2] we find that Manna fails to make the requisite showing of prejudice.

Manna also challenges the denial of his claim for protection under the Convention Against Torture. Because he failed to raise this claim before the Board, we have no jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1) (2000) ("A court may review

---

[2]We have reviewed the immigration judge's alternative holding solely to ascertain whether Manna was prejudiced by the alleged due process violation and find that Manna failed to "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Accordingly, we conclude that Manna would not be entitled to a grant of asylum in any event.

a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that we lack jurisdiction to consider an argument that was not raised before the Board); <u>Farrokhi</u>, 900 F.2d at 700 (holding that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision").[3]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[3]Manna only briefly mentions the denial of his request for withholding of removal in the conclusion of his brief, without any supporting argument. We therefore find that he has waived appellate review of this claim. <u>See</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 4 -