[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14189
Non-Argument Calendar

_____

Agency Nos. A97-622-136
A97-622-137

OVIDIO SAAVEDRA,
FABIOLA CASTRO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 29, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Ovidio Saavedra, a Colombian national, petitions for review of the final order of the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal. 8 U.S.C. §§ 1158, 1231(b)(3).[1] Substantial evidence supports the IJ's and BIA's decisions. We deny the petition.

The BIA adopted the IJ's decision and made some additional findings; thus, we review both decisions. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). "[F]indings of fact are reviewed under the substantial evidence test," and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004) (quotations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum, which the Secretary of Homeland Security or the Attorney General has

---

[1] As an initial matter, we lack jurisdiction to consider claims a petitioner failed to raise before the BIA, even if the BIA addressed the issue *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Saavedra did not raise his Convention Against Torture claim in his appeal to the BIA. Thus, we lack jurisdiction over that claim.

discretion to grant if the alien meets the INA's definition of a "refugee." 8 U.S.C.

§ 1158(a)(1), (b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). To establish asylum eligibility, the alien must establish

(1) past persecution on account of a protected ground, or (2) a well-founded fear

that a protected ground will cause future persecution. 8 C.F.R. § 208.13(a), (b).

"[P]ersecution is an extreme concept, requiring more than a few isolated

incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401

F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). In *Sepulveda*, we upheld

the IJ's finding the petitioner had not demonstrated past persecution, where the

petitioner alleged (1) she received three threatening phone calls from ELN

members, (2) ELN members placed a bomb in a mailbox at her workplace, which

exploded just after her shift ended, and (3) her brother was threatened due to her

political activities. *Id.*

Saavedra testified the ELN threatened him over the phone and vandalized

his door, but these problems ceased when he relocated to his sister's house. He

3

had no other problems until he ventured into an area he knew to be dangerous, and a guerilla shot at his car as he sped off from a roadblock. As in *Sepulveda*, these circumstances do not compel a conclusion the IJ erred in finding Saavedra did not suffer past persecution.

A showing of past persecution creates a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001). "[W]here the alleged persecutors are not affiliated with the government, it is not unreasonable to require a refugee who has an internal resettlement alternative in his own country to pursue that option before seeking permanent resettlement in the United States." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1327 (11th Cir. 2001).

Saavedra testified the police quickly responded to protect his apartment after his door was vandalized, and he experienced no problems while living with his sister as long as he did not venture into guerilla-infested areas. Saavedra further testified that his friend, Dr. Salazar, a member of his political movement who was kidnaped by the ELN in 1998, continued to live in a guerilla stronghold until 2003, suffering no further persecution. The IJ's conclusion that Saavedra lacked a well-founded fear of future persecution was supported by substantial evidence, and the

4

record does not compel the conclusion that Saavedra's notoriety as an activist would cause the ELN to target him on his return to Colombia. *See Sepulveda*, 401 F.3d at 1231-32 (finding because the petitioner did not show that her notoriety as an activist would lead the ELN to seek her out for persecution, the record did not compel a finding that she had a well-founded fear of future persecution).

Because the evidence does not compel the conclusion that Saavedra established the standards for asylum relief, he necessarily has not established the more stringent standards for withholding of removal. *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1124 (2007) (stating an alien unable to meet the stringent asylum standard necessarily fails the more stringent withholding of removal analysis).

**PETITION DISMISSED in part and DENIED in part.**