[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2007
THOMAS K. KAHN
CLERK

No. 07-10041
Non-Argument Calendar

_____

BIA No. A77-384-704

KIKI TURINO HANCOCH RUNTU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 20, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Under 8 C.F.R. 208.16(b)(2), an immigrant seeking a withholding of

removal need not provide evidence that he would be singled out individually for persecution if he establishes: (1) that there is a pattern or practice in his home country of persecution of a group of persons similarly situated to the applicant on account of religion, and (2) his inclusion in such a group of persons will make it more likely than not that his or her life or freedom would be threatened upon return to that country. Id.

The Board of Immigration Appeals denied Kiki Turino Hancoch Runtu's request for asylum because Runtu failed to demonstrate that extraordinary circumstances or changed country conditions justified his untimely filing. We do not have jurisdiction to review that determination. Chacon-Botero v. U.S. Atty. Gen., 427 F.3d 954, 957 (11th Cir. 2005). The BIA rejected Runtu's request for withholding because the Immigration Judge found that his testimony of past persecution was not credible. The determination that Runtu was not a credible witness is supported by substantial evidence. See Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).

However, neither the BIA nor the IJ addressed Runtu's alternative argument, which he claims is supported by various institutional reports and news articles, that there is a pattern or practice in Indonesia of persecuting Christians. Runtu's credibility is not relevant to the question of whether the information contained in those reports is accurate or sufficient to satisfy the high burden of demonstrating

2

that a Christian is more likely than not to face persecution on return to Indonesia. For that reason, we grant Runtu's petition for review with respect to the withholding of removal claim based on a pattern or practice of persecution. On remand, the BIA should address the limited question of whether Runtu has satisfied the requirements of 8 C.F.R. 208.16(b)(2)(i)–(ii).

**PETITION DISMISSED IN PART, DENIED IN PART, GRANTED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS**.