[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14191

_____

D. C. Docket No. 04-00574-CV-T-24-MAP

TERMINIX INTERNATIONAL COMPANY, LP,

Plaintiff-Appellant,

versus

PALMER RANCH LIMITED PARTNERSHIP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

_____

No. 06-14190

_____

D. C. Docket No. 04-00574-CV-T-24-MAP

IN RE:

TERMINIX INTERNATIONAL COMPANY, LP,

Petitioner.

--------------------------------------
On Petition for Writ of Mandamus to the United States District Court
for the Middle District of Florida
--------------------------------------

**(June 2, 2008)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:

On remand, with our instructions to grant Terminix's motion to compel arbitration before it, see Terminix Int'l Co. v. Palmer Ranch Ltd.P'ship, 432 F.3d 1327, 1333 (11th Cir. 2005) (Terminix I), the district court granted Palmer Ranch's motion to dismiss Terminix's motion to compel arbitration for lack of subject matter jurisdiction. Terminix appeals,[1] and we reverse.

> A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate[,] . . . implement[ing] both the letter and the spirit of the

---

[*]Honorable Richard Mills, United States District Court Judge for the Central District of Illinois, sitting by designation.

[1] Terminix also filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. We consolidated Terminix's petition, No. 06-14190, and appeal, No. 06-14191. The petition is denied as moot.

mandate, taking into account the appellate court's opinion and the circumstances it embraces. Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied.

Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985) (en banc) (internal citations omitted) (emphasis added).

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005) (internal quotation marks and citation omitted). In Terminix I, we noted without objection that Terminix had alleged federal subject matter jurisdiction over its motion to compel arbitration "based on diversity of citizenship." Terminix I, 432 F.3d at 1329. We then held that "the decision of the district court denying Terminix's motion to compel arbitration and stay the underlying state-court proceedings is reversed, and the case is remanded with instructions to grant that motion and stay these proceedings." Id. at 1333.

A necessary implication of our opinion in Terminix I, and therefore part of our mandate, was that we fulfilled our obligation to consider federal subject matter jurisdiction sua sponte. See Skillern's Ex'rs v. May's Ex'rs, 10 U.S. (6 Cranch) 267, 3 L. Ed. 220 (1810) ("It appearing that the merits of this cause had been finally decided in this court, and that its mandate required only the execution of its

decree, it is the opinion of this court that the circuit court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings.") (internal quotation marks omitted).  The district court was therefore bound to deny a challenge to subject matter jurisdiction over an issue we had expressly addressed, and comply with our mandate to grant Terminix's motion to compel arbitration.

For the foregoing reasons, the order of the district court dismissing Terminix's motion to compel arbitration is REVERSED, and the case is REMANDED with instructions to grant that motion and stay these proceedings.

SO ORDERED.