[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 31, 2008
THOMAS K. KAHN
CLERK

No. 08-12213
Non-Argument Calendar

_____

Agency No. A97-947-677

AMADOU BAILLO BARRY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 31, 2008)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Amadou Barry petitions for review of the denial of his application for

asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board of Immigration Appeals and the immigration judge denied Barry's petition for asylum as untimely and found him not credible. We dismiss in part and deny in part Barry's petition.

Barry argues that the Board and immigration judge violated his due process rights by ruling that Barry "failed to prove his date of entry," but Barry's argument challenges the finding that his application for asylum was untimely, which we lack jurisdiction to review. 8 U.S.C. § 1158(a)(3); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Barry also argues that the immigration judge erred by failing to find a change in circumstances, but we lack jurisdiction to review a finding about a change in circumstances. See Chacon-Botero, 427 F.3d at 957. Even if we had jurisdiction to consider the issue, see 8 U.S.C. § 1158(a)(2)(d) (allowing judicial review only of "constitutional claims or questions of law"), Barry did not present that argument to the Board. "[A]bsent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss Barry's petition for review of the denial of his application for asylum.

2

Barry also contests the denial of his application for withholding of removal, but substantial evidence supports the finding that Barry was not credible. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Barry entered the United States with a fraudulent passport and provided inconsistent information to immigration officials about the date of his entry. Although Barry wrote in his application that he did not know the location of his father and he had been persecuted for his father's political activities, Barry testified at the asylum hearing that his father had died after Guinean officials tortured him and that government officials had pursued Barry because he organized political rallies. Barry failed to prove his nationality and gave conflicting testimony about the age that he commenced his political activities. Barry also provided an incredible account of a brief interview in English after he presented a Dutch passport to Dutch airport officials. Barry offers no explanation for these inconsistencies that would compel a reasonable fact finder to reverse the adverse credibility finding and conclude that he established eligibility for asylum and withholding of removal.

We **DISMISS** Barry's petition for review of the denial of asylum and **DENY** his petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**