[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11134
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2009
THOMAS K. KAHN
CLERK

Agency No. A088-147-267

ORLANDO LINARES GONZALEZ-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 3, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

The petitioner, Orlando Linares Gonzalez-Diaz, is a native and citizen of

Guatemala. He entered the United States in September 2002 without authorization. In January 2007, he filed an application for asylum and withholding of removal under the Immigration and Naturalization Act ("INA"), and relief under the Convention Against Torture ("CAT"); he asserted that he had been persecuted in Guatemala on account of his political opinion. He subsequently amended his application to claim that he also had been persecuted on account of his membership in a particular group.

On October 16, 2007, petitioner appeared before an Immigration Judge ("IJ"), in response to a Notice to Appear issued by the Department of Homeland Security, to show cause why he should not be removed as an alien present in the United States without being admitted or paroled. Petitioner conceded that he was removable, and then presented his case for asylum, withholding of removal, and CAT relief. After considering his testimony and the documentary evidence presented, the IJ found that petitioner was barred from asylum because his application was untimely and he had not shown that the late filing was legally excusable. Then, finding petitioner ineligible for withholding of removal or CAT relief, the IJ ordered his removal.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on February 5, 2009, it dismissed the appeal. He now petitions this court for review.

In his brief, petitioner argues that the IJ and the BIA erred in denying his application for asylum and withholding of removal because he suffered past persecution and demonstrated a clear probability of future persecution on a protected ground.[1]

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision. We thus review the BIA's decision and the IJ's decision to the extent the BIA adopted its reasoning. Id.

### I.

We lack jurisdiction to review a BIA decision that an asylum application is untimely. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Petitioner's application was untimely because it was not filed within one year after his arrival in the United States, INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), and he failed to show to the BIA's satisfaction that the untimeliness was excusable due to changed or extraordinary circumstances, INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). We therefore dismiss for lack of jurisdiction the instant petition to the extent that it seeks review of the BIA's asylum decision. We turn then to the

---

[1] Petitioner's brief does not challenge the BIA's denial of CAT relief. We therefore dismiss the petition for review to the extent that it seeks review of the denial of such relief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

issue we have jurisdiction to consider, whether petitioner is entitled to withholding of removal.

## II.

To qualify for withholding of removal under the INA, an alien must show that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). The alien can meet this burden by showing either (1) past persecution in his country based on a protected ground, in which case a rebuttable presumption is created that his life or freedom would be threatened if he returned to his country; or (2) "a future threat to his life or freedom on a protected ground in his country." Id.

Although the INA does not expressly define "persecution," we have said that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "[m]ere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations and citation omitted) (alteration in original). Resistance to forced recruitment does not, by itself, establish past persecution or a well-founded fear of future persecution on

4

account of political opinion.  INS. v. Elias-Zacarias, 502 U.S. 478, 481-83,

112 S.Ct. 812, 815-16, 117 L.Ed.2d 38 (1992).  Because a person might refuse to

join a guerilla group for reasons other than that person's political opinion, the alien

must provide at least some evidence that the guerillas persecuted him on account of

a political opinion.  Id. at 482-83, 112 S.Ct. at 815-818.  Evidence of acts of

private violence or the petitioner's failure to cooperate with guerillas "does not

constitute evidence of persecution based on a statutorily protected ground."  Ruiz

v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).  Additionally, evidence

of extortion, by itself, does not constitute evidence of persecution on a statutorily

protected ground.  Rivera v. U.S. Att'y Gen., 487 F.3d 815, 821-22 (11th Cir.

2007).  The fact that a petitioner has close family living unharmed in the region of

the home country to which the petitioner fears returning contradicts a claim of a

well-founded fear of persecution.  Ruiz, 440 F.3d at 1258-59.

At the hearing before the IJ, petitioner failed to establish a nexus between

the persecution he portrayed—that he and his family were subjected to attacks by

guerillas because of his father's membership in the Civil Patrol—and his or his

family's own political opinion.  He also failed to establish past persecution on

account of any other protected ground.  The BIA found petitioner ineligible for

withholding of removal because (1) his claim of future persecution rested entirely

on his assertion that he had been persecuted in the past, a fact that he failed to

5

prove, and (2) his children, parents and siblings remain in Guatemala unharmed. The record fully supports the BIA's finding; hence, we affirm its decision denying petitioner withholding of removal.

PETITION DISMISSED, in part, and DENIED, in part.