[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14006
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2010
JOHN LEY
CLERK

Agency Nos. A095-229-473,
A096-291-711

ADRIANA MARCELA TELLEZ,
FABIAN ANDRES TORRES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2010)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Adriana Marcela Tellez and her husband, Fabian Andres Torres, natives and

citizens of Colombia, petition for review of the decision of the Board of Immigration Appeals that affirmed the denial of Tellez's application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board and the immigration judge denied Tellez's petition for asylum as untimely and found that Tellez failed to establish that she faced the probability of future persecution or torture if she returned to Colombia. We dismiss in part and deny in part their petition.

Tellez and Torres contend that the Board erroneously denied Tellez's application for asylum, request for withholding of removal, and relief under the Convention. This Court lacks jurisdiction to review the decision that Tellez's asylum application was untimely. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 (11th Cir. 2007); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). We also deny Torres's petition to review the denial of withholding of removal and relief under the Convention because the regulations for these forms of relief do not provide derivative benefits. See 8 C.F.R. § 208.16(c); Delgado, 487 F.3d at 862.

Substantial evidence supports the decision to deny Tellez's application for withholding of removal. Tellez failed to prove that she suffered past persecution or

would likely face persecution in Colombia on account of a protected ground. Tellez's testimony supports a finding that she was detained and threatened because of her relationship to her father and his business, not on account of an imputed political opinion. Although the record contains evidence that Tellez's father was a member of the Liberal Party, Tellez testified that her father was detained on account of his business and later threatened for his refusal to provide free hotel accommodations to members of the Self-Defense Forces. Tellez argues that the Self-Defense Forces described her father as being a "guerrilla sympathizer," but Tellez testified that the Forces said that her father would be considered a sympathizer "if he didn't allow them to stay" in his hotels. Extortion "does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006); see Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890–91 (11th Cir. 2007). Tellez complains that she was denied a "true opportunity" to present testimony from her father to establish that she "possess[es] [a] credible and objective fear of being persecuted," but Tellez waived this argument by declining the invitation of the immigration judge to call Tellez's father to testify. See United States v. Puleo, 817 F.2d 702, 705 (11th Cir. 1987) ("It simply will not do for counsel to preserve an error for appellate review without giving the trial court a reasonable opportunity to render a decision upon the same objection.").

3

Substantial evidence also supports the finding that Tellez will not likely be tortured if removed. Torture is confined to those acts inflicting "severe pain and suffering, whether physical or mental" committed at the hands, under the direction, or with the acquiescence of "a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). The 2007 Country Report stated that the "last [Self-Defense Forces] block demobilized in August 2006," and the government had "confronted militarily any groups that did not demobilize as well as new criminal groups." Tellez failed to present any evidence that she would be of interest to the Self-Defense Forces if she returned to Colombia. Tellez also failed to present any evidence that she would be tortured at the direction or acquiescence of the Colombian government. Government forces instead secured her release after she was detained by the Self-Defense Forces. See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1241–42 (11th Cir. 2004).

We **DISMISS** the petition for review of the denial of asylum and **DENY** the petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART**.