[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15125
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

Agency No. A078-359-097

LAURETTE ST. FLEUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 30, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Laurette St. Fleur, a native and citizen of Haiti, petitions this court for

review of the Board of Immigration Appeals' ("BIA") affirmance of the

Immigration Judge's ("IJ") order of removal. After review, we dismiss in part and deny in part the petition.

St. Fleur entered the United States in 1995. In March 2000, she filed an application for adjustment of status under the Haitian Refugee Immigration Fairness Act of 1998 ("HRIFA") along with a Form I-94. After her application was denied, she received a notice to appear, charging her as removable as an alien present without having been admitted or paroled. On February 6, 2008, she filed an application for asylum, withholding of removal, and relief under the United Nations Convention against Torture ("CAT") alleging that she had been persecuted on account of her political opinion. Specifically, she alleged that she and her husband opposed Aristide. She identified two occasions in 1991 and 1995 on which she was beaten by members of Lavalas, a group supporting Aristide. First, in 1991, St. Fleur was beaten when Lavalas members came to her shop looking for her husband. In 1995, Lavalas members came to her home, threatened her, and beat her while looking for her husband. Three days later, her cousin told her that her husband had been killed. St. Fleur went into hiding, and, after Lavalas members burned her home, she left Haiti.

At the removal hearing, St. Fleur gave conflicting information as to when and how she entered the United States. The date of entry listed in her asylum application differed from that listed in her HRIFA application. When questioned

about the inconsistencies in the dates, St. Fleur stated that she did not know why the HRIFA application listed a different date of arrival. She also denied submitting an I-94 form, stating that she did not know who had submitted that form. She stated that she had been involved in political activities since 1999, but contradicted that date when she stated that she had been involved in political activities since 1979. Although she identified the men who had beaten her as members of Lavalas, she also stated that she did not know who they were. When questioned about her husband's death, St. Fleur stated that he died on Friday, August 8, 1995, but the IJ noted that August 8 was a Tuesday. As corroborating evidence, St. Fleur submitted a letter from her cousin confirming that St. Fleur's husband had died. The letter contained no details of his death and did not mention the attacks on St. Fleur's shop or home.

The IJ denied relief, concluding that the asylum application was untimely and St. Fleur had not shown extraordinary circumstances to excuse the untimely petition. With respect to the withholding-of-removal claim, the IJ found St. Fleur lacked credibility due to numerous inconsistencies in her application and testimony. The IJ further found that St. Fleur had not shown persecution on account of her political activities.

St. Fleur appealed to the BIA, arguing that she submitted credible evidence of past persecution on account of her political opinion. She further argued that she

3

established a well-founded fear of future persecution that the government had not rebutted. She also challenged the IJ's adverse credibility finding and the conclusion that her application was untimely.

The BIA affirmed. First, the BIA found that the asylum application was filed more than one year after her arrival and thus was untimely. Next, the BIA affirmed the IJ's adverse credibility determination based on the inconsistencies in the record. Finally, the BIA concluded that St. Fleur had not shown persecution on account of a protected ground and thus the withholding-of-removal claim failed. St. Fleur now petitions this court for review.

"When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).

St. Fleur raises three arguments before this court: (1) the BIA erred by finding her asylum application untimely; (2) the BIA erred in its adverse credibility

4

finding;[1] and (3) she was entitled to withholding of removal.[2] We address each in turn.

I.

"An asylum application must be filed within 1 year after the date of the alien's arrival in the United States." *Chacon-Botero*, 427 F.3d at 956 (citing 8 U.S.C. § 1158(a)(2)(B)) (internal quotations omitted). We lack jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing. *Id.* at 957 (internal quotations omitted). Here, the BIA found that, St. Fleur's application was untimely and there were no extraordinary circumstances to excuse the untimely application. Because we lack jurisdiction to review this determination, St. Fleur's petition is dismissed as to this issue.

_____

[1] St. Fleur asserts that the IJ failed to make an explicit adverse credibility determination and, therefore, she was entitled to a presumption of credibility. She contends that the failure to apply this presumption violated her due process rights. A review of the record shows, however, that the IJ did in fact make an explicit adverse credibility determination. Moreover, because St. Fleur did not argue before the BIA that the IJ had not made an explicit credibility determination or that she was entitled to a presumption of credibility, she has not exhausted these issues and we lack jurisdiction to consider them. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

[2] St. Fleur has not challenged the denial of CAT relief. Therefore, she has abandoned this issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).

II.

We review the BIA's factual findings under a "highly deferential substantial evidence test" and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision," and may reverse the BIA's findings of fact "only when the record compels a reversal." *Id.* at 1027.

To establish eligibility for asylum, an applicant must offer "credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). In determining an applicant's credibility, the IJ must consider the totality of the circumstances, including the applicant's demeanor, the inherent plausibility of the applicant's story, and the consistency among the applicant's written and oral statements and other evidence of record, regardless of whether an inconsistency goes to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii). If the BIA makes an adverse credibility determination, it "must offer specific, cogent reasons" for that decision and then "the burden is on the applicant to show that the [BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287.

Here, the BIA made an explicit adverse credibility determination supported by specific, cogent reasons. Thus, the burden shifted to St. Fleur to show that it was not supported by specific, cogent reasons, or was not based on substantial evidence. *See Forgue*, 401 F.3d at 1287. St. Fleur has not met this burden. Therefore, we conclude that the record does not compel a reversal of the BIA's adverse credibility determination. *See Adefemi*, 386 F.3d at 1027.

Notably, St. Fleur submitted other evidence to support her application. When the applicant produces corroborating evidence of persecution, "whatever form it may take, the [BIA] must consider that evidence, and it is not sufficient for the [BIA] to rely solely on an adverse credibility determination." *Id.* Therefore, we must consider whether St. Fleur met her burden of proof based on other evidence.

### III.

To establish eligibility for asylum based on political opinion, an "alien must, with credible evidence, establish (1) past persecution on account of her political opinion . . ., or (2) a well-founded fear that her political opinion . . . will cause future persecution." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotations omitted). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." *Id.* "To establish eligibility for asylum based

7

on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." *Id.* (citations and internal quotations omitted).

To be eligible for withholding of removal, an alien "must have established that it is more likely than not that her life or freedom would be threatened on account of a statutorily protected factor." *Id.* at 1243. "Where an applicant is unable to meet the well-founded fear standard for asylum, she is generally precluded from qualifying for either asylum or withholding of removal." *Id.* (internal quotations omitted).

Having reviewed the record, we conclude that the BIA's finding that St. Fleur failed to demonstrate a nexus between the harm she suffered and her political opinion is supported by reasonable, substantial, and probative evidence. *See Adefemi*, 386 F.3d at 1026-27. There was nothing in the record to establish that the harm she suffered was politically motivated. Because St. Fleur did not meet the standard of proof for asylum relief, she cannot meet the more stringent standard for withholding of removal. St. Fleur's petition is therefore denied on this ground.

**DISMISSED IN PART, DENIED IN PART.**