[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10411
Non-Argument Calendar

_____

Agency No. A088-965-400

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2011
JOHN LEY
CLERK

YANIRA DE LOS ANGELES ASCENCIO,
a.k.a. Yanira De Los Angeles Ascencio De Paz,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 7, 2011)

Before EDMONDSON, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Yanira De Los Angeles Ascencio, a native and citizen of El Salvador,

petitions for review of the order of the Board of Immigration Appeals ("BIA")

affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) (citation and internal quotation omitted). We "view the record evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision";

---

[1] Petitioner raises no challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). To the extent Petitioner challenges the denial of asylum, we lack jurisdiction because the IJ and BIA concluded that the asylum application was time-barred. See Chacon-Botero v. U.S. Attorney General, 427 F.3d 954, 957 (11th Cir. 2005) (explaining that we lack jurisdiction, under 8 U.S.C. § 1158(a)(3), to review an IJ's untimeliness ruling). So, we dismiss the petition for review on asylum.

and we may reverse the BIA's fact determinations "only when the record compels a reversal." Id. at 1027.

To establish eligibility for withholding of removal, an alien must show "that [her] life or freedom would be threatened on account of" a protected ground, including membership in a particular social group. Delgado v. U.S. Attorney Gen., 487 F.3d 855, 860-61 (11th Cir. 2007). The alien must demonstrate that one of the protected grounds "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i).[2]

An alien seeking withholding of removal bears the burden of demonstrating that she "more-likely-than-not would be persecuted or tortured upon" return to the country in question. Delgado, 487 F.3d at 861. The alien may satisfy this burden by establishing either (1) past persecution on account of a protected ground, or (2) a future threat to her life or freedom on a protected ground if returned. Id.

Petitioner alleged that she suffered persecution at the hands of a gang called Maras. One morning, gang members demanded money from Petitioner as she was walking to work. Petitioner gave the gang members money and, thereafter, she had to give them money every month. One day, Petitioner had no money and the

---

[2] Petitioner filed her applications for relief in 2008. Therefore, the provisions of the REAL ID Act of 2005 applied to her applications.

gang members kidnaped her.  The gang members then demanded money from Petitioner's parents, who complied.  The gang members released Petitioner and warned her not to report them to the police.  Petitioner then moved to her grandmother's house.  But the gang members continued to demand money from her; and she fled to the United States.

The IJ denied relief because, among other reasons, Petitioner's claims of persecution lacked a nexus to a protected ground.  The BIA agreed, noting that Petitioner's proffered social group -- that of "decent young women" -- was overly broad and that, even if such a group existed, Petitioner did not show that the gang targeted her because of her membership in that group.  On appeal, Petitioner argues that she demonstrated eligibility for relief based on her membership in the social group of "decent young women."[3]

After review, we conclude that substantial evidence supports the BIA's conclusion that Petitioner showed no protected ground; and we are not compelled to reverse the BIA's decision.  Nothing indicates that the extortion and kidnaping Petitioner suffered occurred because of her membership in the "decent young

---

[3] Petitioner also argues that the IJ erred in concluding that she was not credible.  But we need not address this argument because we are reviewing only the BIA's decision; and the BIA did not base its decision on the IJ's adverse credibility determination.  See Al Najjar, 257 F.3d at 1284.

women" social group. Instead, the evidence indicates that the gang members targeted her, and later, her parents, because they wanted money. Being targeted for extortion does not suffice to show persecution on account of a protected ground. See Rivera v. U.S. Attorney Gen., 487 F.3d 815, 821-23 (11th Cir. 2007) (involving a wealthy petitioner's refusal to pay a guerilla group's "war tax"); see also Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (explaining that "evidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground"). Thus, even assuming without deciding that "decent young women" constitutes a statutorily protected ground, substantial evidence supports the BIA's conclusion that Petitioner simply was a victim of crime.

Because Petitioner has not shown that she suffered persecution because of a protected ground, she has not met her burden of showing eligibility for withholding of removal; and we affirm the BIA's decision.

PETITION DISMISSED IN PART, DENIED IN PART.