[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10312
Non-Argument Calendar
_____

Agency No. A205-096-069

MARIAMA JALLOW,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 3, 2017)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Mariama Jallow seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum. She challenges the BIA's determinations that (1) her application was untimely and that (2) she failed to show extraordinary circumstances to excuse her delay in filing the asylum application.

We review BIA decisions and decisions of the IJ to the extent the BIA expressly adopted them. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We determine *de novo* whether we have subject-matter jurisdiction. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). We do so *sua sponte*. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).

An application for asylum must be filed within one year of arrival in the United States. INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). However, an untimely application may be considered if the alien demonstrates, to the satisfaction of the Attorney General, the existence of changed circumstances or extraordinary circumstances relating to delay in filing an application. INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). No court shall have jurisdiction to review any determination of the Attorney General as to the timeliness of an application. INA § 208(a)(3); 8 U.S.C. § 1158(a)(3). This jurisdictional restriction does not preclude consideration of questions of law or constitutional questions. INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D). In *Chacon-Botero*, this Court held that it

2

does not have jurisdiction to review whether an alien complied with the one-year time limitation or whether extraordinary or changed circumstances justified an untimely filing of the asylum application. 427 F.3d at 957. This Court has further clarified that the timeliness of an asylum application is not a constitutional claim or question of law under INA § 242(a)(2)(D) or 8 U.S.C. § 1252(a)(2)(D). *Id.*

Under the prior panel precedent rule, the holding of the first panel to address an issue is the law of the Circuit. *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). The first panel holding binds all subsequent panels until either the Supreme Court or this Court sitting *en banc* overrules it. *Id.*

Thus, this Court lacks jurisdiction to review the BIA's and IJ's determination that Jallow did not show changed or extraordinary circumstances that excused her late asylum application. *See Chacon-Botero*, 427 F.3d at 957. Despite Jallow's urgings to reconsider our precedent, the precedent of *Chacon-Botero* binds this Court. *See Smith*, 236 F.3d at 1300 n.8. Since the timeliness issues are the only ones presented, the petition is dismissed for lack of jurisdiction.

**PETITION DISMISSED.**

3