[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13656
Non-Argument Calendar

_____

Agency No. A205-066-087

SENDY CHERUBIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 23, 2021)

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Sendy Cherubin, a native and citizen of Haiti, petitions for review of the Board

of Immigration Appeals's ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal. Because Cherubin failed to exhaust the arguments she presents for our review, we must dismiss her petition for lack of jurisdiction.

**I.**

Cherubin is a native and citizen of Haiti who entered the United States with her minor daughter in August 2012. The government later initiated proceedings to remove her because she lacked authorization to enter or remain in the United States. Cherubin appeared for the initial hearing with counsel, conceded removability, and indicated that she would be applying for asylum and withholding of removal. Counsel later withdrew, however, and the IJ continued the removal hearing to allow Cherubin to obtain new counsel and complete her applications for relief. Cherubin eventually submitted her applications, and she appeared for and testified at a removal hearing before the IJ without the assistance of counsel. Cherubin claimed that she had been and would be persecuted in Haiti due to her husband's political activities, though she did not submit any evidence other than her own testimony.

The IJ issued a decision finding that Cherubin's asylum application was untimely, that her testimony was not credible because it diverged from statements she made to a government agent shortly after her entry, and that she had failed to provide any corroborating evidence despite ample opportunity to do so. The IJ

denied her applications for relief from removal and ordered her removed to Haiti.

Cherubin filed a *pro se* notice of appeal to the BIA. In the designated space on the notice-of-appeal form, she described the reasons for the appeal as "[h]aving the time to file a written brief," under which she wrote several bullet points: "to review all the facts which sustain my case"; "to restate more carefully the subject of my request for asylum"; and "to provide also as needed reliable documentation to support my claim." She indicated that she would be filing a written brief. She failed to file a brief within the time set by the briefing schedule, however, and the BIA affirmed the IJ's decision without a separate opinion. Cherubin then filed a timely petition for review to this Court.

## II.

We review our subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We must inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).

We lack jurisdiction to review final orders in immigration cases unless the petitioner has exhausted all administrative remedies available to her as of right. 8 U.S.C. § 1252(d)(1). To properly raise a claim before the BIA, the petitioner must raise an issue to the BIA in a manner that permits the agency a "full opportunity" to consider the claim and compile a record adequate for judicial review. *Amaya-*

*Artunduaga*, 463 F.3d at 1250. To exhaust a claim, it is not enough that the petitioner merely identified an issue before the BIA. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). She must raise the "core issue" before the BIA and set out any discrete arguments she relies on in support of that claim. *Id.* While the petitioner is not required to "use precise legal terminology" or provide well-developed arguments, she must "provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted). In short, the petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision. *Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006).

Here, Cherubin failed to exhaust her administrative remedies. On appeal, she argues that the BIA and IJ failed both to analyze her credibility properly and to give her an opportunity for her to provide corroborating testimony for her claim. She did not, however, raise these issues to the BIA in a manner that would have permitted the agency a "full opportunity" to consider the claims. *See Amaya-Artunduaga*, 463 F.3d at 1250. She did not file a written brief, despite indicating that she would. And the statements that she made in her notice of appeal to the BIA merely informed the BIA that she wanted time to obtain additional evidence, review the facts in support of her case, and restate her claims. But she did not explain how she would be contesting the basis of the IJ's decision in any respect, much less the specific grounds she raises before this Court.

4

Accordingly, Cherubin did not "provide information sufficient to enable the BIA to review and correct" the errors she asserts on appeal.  *See Jeune*, 810 F.3d at 800.  That the BIA may have considered these issues *sua sponte* in affirming the IJ's decision does not alter the exhaustion requirement or its jurisdictional consequences. *See Amaya-Artunduaga*, 463 F.3d at 1250–51.

Because Cherubin failed to exhaust her administrative remedies, we must dismiss her petition for review.

**PETITION DISMISSED.**