[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11991
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

Agency No. A098-854-870

GABRIEL CATALAN CATALAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 19, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Gabriel Catalan Catalan, a native and citizen of Guatemala, appeals pro se

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231. On appeal, Catalan contends that two encounters with gunmen while he was campaigning for the National Advancement Party ("PAN") in Guatemala amounted to past persecution, and therefore the BIA erred in denying his application for asylum and withholding of removal.

When the BIA issues its own decision without expressly adopting the IJ's findings, we review only the BIA's decision. See Arboleda v. U.S. Att'y Gen., 434 F.3d 1220, 1222 (11th Cir. 2006) (citing Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001)). We liberally construe briefs filed by pro se aliens. See Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

We review the BIA's factual determinations under the substantial evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). Under the substantial evidence test, we can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004). The BIA's legal determinations are

2

reviewed de novo. Mejia, 498 F.3d at 1256.

An alien cannot apply for asylum unless he demonstrates "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may nonetheless be considered if the alien demonstrates changed circumstances that materially affect his eligibility for asylum, or extraordinary circumstances relating to the delay in filing the asylum application. Id. § 1158(a)(2)(D). Section 1158(a)(3) provides: "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." Id. § 1158(a)(3). We have previously held that 8 U.S.C. § 1158(a)(3) divests us of jurisdiction "to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing" Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

Because the BIA denied Catalan's asylum claim as time-barred, we lack jurisdiction over this claim and therefore dismiss Catalan's petition as it pertains to the denial of his asylum application.

We have jurisdiction over Catalan's claim that he qualified for withholding of removal. In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of political opinion.

3

INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). The alien must show that it is "more likely than not" that he will be "persecuted or tortured upon being returned to h[is] country." Sepulveda v. U.S. Att'y Gen.,401 F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the standard for asylum. Id. The alien must show that his fear of persecution is subjectively genuine and objectively reasonable. Id. at 1231 (asylum context).

An alien may make this showing in one of two ways. First, an alien may establish past persecution based on a protected ground, in which case a rebuttable presumption is created that his life or freedom would be threatened if he returned to his country. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Secondly, an alien may qualify for withholding of removal if he "can demonstrate a future threat to his life or freedom" based on a protected ground. Id. While the INA does not define persecution, we have held that persecution is an "extreme" concept, that mere harassment is not persecution, and that persecution requires "more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231.

Substantial evidence supports the BIA's factual findings that Catalan was not persecuted, and that he will not suffer from future persecution by returning to Guatemala. Threats received by Catalan do not rise to the extreme concept of persecution, and Catalan failed to establish an objective fear of future persecution

4

because he continued to reside in Guatemala without incident for nearly four years after the last incident. Accordingly, we deny the petition as to withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**[1]

---

[1] Catalan did not mention his claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Accordingly, he has waived any such claims. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (holding that issues not raised on appeal are deemed abandoned).