[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

No. 11-10996
Non-Argument Calendar
_____

Docket No. A088-295-245


ADAN LOPEZ RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 23, 2012)


Before EDMONDSON, HULL and PRYOR, Circuit Judges.


PER CURIAM:

Adan Lopez Rodriguez, a native and citizen of Guatemala proceeding pro se, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied withholding of removal.* No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record evidence in the light most favorable to the [BIA's] decision and draw all

---

*Rodriguez raises no challenge to the portions of the IJ's and the BIA's decisions denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). And to the extent that Rodriguez challenges the denial of asylum, we lack jurisdiction because the IJ and the BIA concluded that the asylum application was time-barred. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (explaining that we lack jurisdiction, under 8 U.S.C. § 1158(a)(3), to review an IJ's untimeliness ruling). So, we dismiss the petition for review on asylum.

reasonable inferences in favor of that decision"; and we may reverse the BIA's fact determination "only when the record compels a reversal." Id. at 1027.

To establish eligibility for withholding of removal, an alien must show "that his life or freedom would be threatened on account of" a protected ground, including race or membership in a particular social group. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860-61 (11th Cir. 2007). The alien must demonstrate that one of the protected grounds "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i).

An alien seeking withholding of removal "bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Delgado, 487 F.3d at 861. The alien may satisfy this burden by establishing either (1) past persecution on account of a protected ground, or (2) a future threat to his life or freedom on a protected ground if returned. Id.

Rodriguez -- who is of Mayan descent -- sought relief based on his race and his membership in a particular social group. He alleged that, when he was 11 years old, guerillas attempted to recruit him. When he refused, the guerillas beat him on his head and his stomach and threatened to harm his family. Although the guerillas never mentioned Rodriguez's Mayan heritage during the incident,

Rodriguez believed that they beat him because he was Mayan. Rodriguez did not require medical attention as a result of the beating nor did he report the incident to the police. Although he did not encounter the guerrillas again, Rodriguez left Guatemala for the United States about a month later.

The BIA denied relief, concluding that Rodriguez had failed to demonstrate either past persecution on account of a protected ground or a clear probability of future persecution on account of a protected ground. After review, we conclude that substantial evidence supports the BIA's conclusion; and we are not compelled to reverse the BIA's decision.

First, we agree that Rodriguez failed to demonstrate past persecution on account of a protected ground. Nothing evidences that the guerrillas targeted Rodriguez on account of his Mayan ethnicity. Instead, Rodriguez indicates that he was beaten in retaliation for refusing to join the guerilla organization; and such retaliation does not constitute persecution on account of a protected ground. See INS v. Elias-Zacarias, 112 S.Ct. 812, 816 (1992). Moreover, the mistreatment that Rodriguez described -- an isolated beating that did not require medical attention -- does not rise to the level of persecution. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (concluding that a minor beating does not constitute persecution); Sepulveda, 401 F.3d at 1231 (stating that "'persecution' is an

'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'").

Rodriguez also failed to demonstrate that he more likely than not will be persecuted if he returns to Guatemala. First, Rodriguez testified that his mother and his four adult brothers still live unharmed in the region of Guatemala where he was beaten. Such evidence is "persuasive authority that an alien did not establish a well-founded fear" of persecution and, thus, that he did not satisfy the more stringent "more-likely-than-not" standard required for withholding of removal. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (addressing the less stringent standard for asylum relief). In addition, although the Country Reports on Guatemala state that Mayans are often discriminated against, nothing indicates that the discrimination rises to the level of persecution. And to the extent that Rodriguez fears general violence or retaliation from former guerillas, that fear alone does not constitute evidence of persecution based on a protected ground. See id. at 1258 (stating that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground").

5

Because Rodriguez has not shown that he suffered persecution on account of a protected ground or that he more likely than not will be persecuted if he returns to Guatemala, he is ineligible for withholding of removal; and we affirm the BIA's decision.

PETITION DISMISSED IN PART, DENIED IN PART.