[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15973
Non-Argument Calendar
_____

Agency No. A089-964-934

DAN HUI ZHANG

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 22, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Dan Hui Zhang, a native and citizen of China, seeks review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Zhang argues the BIA and the IJ erred by concluding his past sufferings on account of his religion did not amount to past persecution, and by concluding he failed to demonstrate his fear of future persecution was objectively reasonable.[1]  After review, we deny Zhang's petition.

When the BIA issues an opinion that does not expressly adopt the IJ's decision, we review only the BIA's decision as the final agency judgment. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  We assess an agency's factual determinations under the extremely deferential substantial-evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*).  Under this test, we view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."

---

[1] Zhang mentions that he is eligible for withholding of removal and CAT relief and recites the relevant law, but does not provide any specific argument or citation to the record on those issues. *See* Fed. R. App. P. 28(a)(9)(A).  Accordingly, he has abandoned those issues. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  Regardless, these claims would fail on the merits because Zhang cannot establish eligibility for asylum, and he has not shown it is more likely than not he would be tortured if returned to China.

*Id*. at 1027.  Accordingly, to reverse a factual determination on appeal, the record must not only permit another interpretation of the evidence, but compel it.  *Id*.

"To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground."  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (alteration omitted).  A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution.  *Id*.  An applicant may also demonstrate a well-founded fear of future persecution by proving a subjectively genuine and objectively reasonable fear of persecution due to protected grounds.  *Id.* at 1352.  The applicant must present "specific, detailed facts" that show a good reason to fear he "will be singled out for persecution."  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005).

Persecution is an extreme concept, and does not encompass mere harassment.  *Zheng v. U.S. Att'y Gen.,* 451 F.3d 1287, 1290 (11th Cir. 2006).  We evaluate the harm that a petitioner suffered cumulatively and by considering the totality of the circumstances on a case-by-case basis.  *Shi v. U.S. Att'y Gen.,* 707 F.3d 1231, 1235-36 (11th Cir. 2013).  We have held that a beating in which the petitioner suffered only scratches and bruises during a 36-hour detention combined with threats of a future arrest did not compel the conclusion that the petitioner had suffered past persecution.  *See Djonda v. U.S. Att'y Gen*., 514 F.3d 1168, 1174

(11th Cir. 2008).  Additionally, in *Kazemzadeh*, we held that an alien's testimony that he suffered a five-hour interrogation and beating, coupled with the petitioner being detained for four days, without evidence of physical harm, was not enough to compel the conclusion that the petitioner suffered persecution as opposed to harassment.  577 F.3d at 1352-53.

By contrast, in *Shi,* Chinese officials interrupted a Christian church service in the petitioner's father's home, arrested the petitioner, his father, and other worshippers, and confiscated their Bibles.  707 F.3d at 1232.  The officials detained the petitioner for seven days and interrogated him.  *Id.* at 1233.  Shi was slapped, told that he had been brainwashed, and eventually handcuffed to an iron bar overnight in the rain, which left him ill.  *Id.*  We granted Shi's petition for review, holding that his case was "extreme enough to compel a finding that Shi suffered past persecution on account of practicing his religion in China."  *Id.* at 1236.

Here, substantial evidence supports the BIA's conclusion that Zhang was ineligible for asylum protection.  Zhang's testimony does not compel the conclusion that he suffered past persecution on account of his religion.  *See Adefemi*, 386 F.3d at 1026-27.  The Chinese police detained Zhang on three occasions and beat him twice, and during the detentions, Zhang received very little food.  These incidents, while deplorable, are more akin to harassment, s*ee Djonda*,

4

514 F.3d at 1174; *Kazemzadeh*, 577 F.3d at 1352-53, rather than the "extreme" level of persecution described in *Shi*, which included a weeklong detention and handcuffing the petitioner to an iron bar overnight in the rain. 707 F.3d at 1232-33. Accordingly, the BIA did not err by concluding Zhang had not suffered mistreatment rising to the level of past persecution, thereby placing the burden on him to prove a well-founded fear of future persecution. *See Kazemzadeh*, 577 F.3d at 1353.

Zhang did not satisfy his burden of showing his fear of persecution was objectively reasonable given the conditions in his locality. Although Zhang's testimony supported his claim of a subjectively genuine fear that he would be arrested if returned to China, the record does not compel the conclusion that this fear was objectively reasonable. First, his mother, who was also a member of his church, remained in China, and there was no evidence she had been arrested or otherwise harmed. Second, Zhang has failed to show that persecution occurs in his locality, given that interference with underground churches varies greatly from locality to locality. At most, the record indicates that the government tends to target religious leaders, as opposed to followers such as Zhang. Accordingly, substantial evidence supports the BIA's decision to deny Zhang asylum protection.

**PETITION DENIED.**

5

JORDAN, Circuit Judge, concurring.

I am not sure that *Kazemzadeh v. U.S. Attorney General*, 577 F.3d 1341, 1352-53 (11th Cir. 2009), correctly decided the past persecution issue. But *Kazemzadeh* constitutes binding precedent, and given its holding, the record here does not compel a finding of persecution under the applicable standard of review.