[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12803

Non-Argument Calendar

_____

LESDY YECENIA BARILLAS-MARTINEZ,
LESDY DINELY VALENTIN MARTINEZ-BARILLAS,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A202-134-118

_____

Before LAGOA, KIDD and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Lesdy Yecenia Barillas-Martinez and her minor daughter[1] seek review of the final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of Barillas-Martinez's application for asylum. After careful review, we deny the petition.

**I.**

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (per curiam). When the "BIA either agreed with the IJ's findings or relied on the IJ's reasoning," we review both the BIA and IJ decisions to the extent of the agreement. *Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1153 (11th Cir. 2014).

We review legal conclusions de novo and factual findings for substantial evidence. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Under the substantial evidence standard, we view the "evidence in the light most favorable to the agency's decision," "draw all reasonable inferences in favor of that decision,"

---

[1] Barillas-Martinez's daughter, Lesdy Dinely Valentina Martinez-Barillas, is a derivative beneficiary of her asylum claim but did not file her own application for relief from removal.

and affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks omitted) "To reverse the fact findings, [we] must find that the record not only supports reversal, but compels it." *Id.* (quotation marks omitted and alteration adopted).

## II.

To establish eligibility for asylum, a noncitizen must, "with specific and credible evidence, establish (1) past persecution on account of a statutorily [protected ground], or (2) a 'well-founded fear'" that the noncitizen will be persecuted on account of a protected ground.[2] *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (per curiam). An applicant must establish a nexus between the feared persecution and a protected ground, demonstrating that one of several statutorily enumerated grounds "was or will be at least one central reason for persecuting" her. 8 U.S.C. § 1158(b)(1)(B)(i).

"[E]vidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam). To show that a protected ground is "at least one central reason" for persecution, an asylum applicant must show the protected ground "is essential to the

---

[2] The protected grounds include "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1(B)(i).

motivation of the persecutor," meaning it is not "incidental, tangential, superficial, or subordinate to another reason for harm." *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021) (quotation marks omitted).

The BIA found that Barillas-Martinez was ineligible for asylum because she failed to satisfy the nexus requirement—that a statutorily protected ground was or would be a central reason for the mistreatment she suffered and feared from gang members in Guatemala.

We conclude that substantial evidence supports the finding of the BIA. The record does not compel a finding that any persecution that Barillas-Martinez suffered, or fears occurred "because of" the status of her family. Barillas-Martinez's testimony about the extortion is unrelated to her family status and instead establishes that she and her family members have been the victims of "general criminal activity." *Sanchez-Castro*, 998 F.3d at 1288; *see also Ruiz*, 440 F.3d at 1258. For example, the gang did not threaten or extort Barillas-Martinez "because of" her husband; instead, the gang extorted her because her husband ran a local business. Barillas-Martinez also stated that other people in the community, including those with and without businesses were extorted for money, without nexus to a protected ground.

To the extent that the gang extorted Barillas-Martinez's husband by threatening her and her children, the record also shows that this extortion was not "because of" her family specifically. This court has distinguished "persecution of a family as a means to

an unrelated end from persecution based on animus against a family per se." *Sanchez-Castro*, 998 F.3d at 1287. "Where a gang targets a family only as a means to another end, the gang is not acting because of who the family is; the identity of the family is only incidentally relevant." *Id.* Here, the extortion of Barillas-Martinez and her husband is "means to another end"—to obtain money—and that is not enough to satisfy the nexus requirement. *See id.* Thus, we deny the petition for review.

**PETITION DENIED.**